The **MARSCHALK COMPANY, INC.,**
**Plaintiff-Appellee,**

v.

**IRAN NATIONAL AIRLINES CORP.**
**and The Government of Iran,**
**Defendants-Appellants,**

**United States of America,**
**Intervenor-Appellant.**

**NEW ENGLAND MERCHANTS NA-**
**TIONAL BANK, Plaintiff-Appellee,**

v.

**IRAN POWER GENERATION AND**
**TRANSMISSION CO., The Iranian Min-**
**istry of Energy and Natural Resources,**
**The Government of Iran, The Iranian**
**Ministry of Economic Affairs and Fi-**
**nance, Defendants-Appellants,**

**United States of America, Appellant**
**(and related cases).**

**Nos. 1049–1227, Dockets 80–6254 et al.**

United States Court of Appeals,
Second Circuit.

Decided July 10, 1981.*

Filed Aug. 3, 1981.

* These consolidated appeals were disposed of by order dated July 10, 1981 in response to motions by the garnishee banks to vacate the attachments here in issue. Such a summary determination is not published and has no prec-edential value under our Local Rule § 0.23. In light of the importance of the case; however, we have decided to repeat the substance of our July 10 order in this per curiam opinion, which will be published.

**4**

Robert E. Bartkus, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff-appellee.

Stuart E. Schiffer, David J. Anderson, Theodore C. Hirt, Michael F. Hertz, U.S. Dept. of Justice, Washington, D.C., for appellant.

Thomas G. Shack, Abourezk, Shack & Mendenhall, Washington, D.C., Gregory de Sousa, New York City, for defendants-appellants.

Milbank, Tweed, Hadley & McCloy, New York City, for movant.

Before TIMBERS, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

On April 9, 1981, this Court, 646 F.2d 779, remanded these consolidated cases to the district court, 502 F.Supp. 120, for selection of a case which properly presented the legal issues concerning the scope, validity, and effect of the Executive Orders and regulations which carried out the Settlement Agreement between the United States and Iran. This panel retained jurisdiction and stayed further proceedings in all other actions in the district court. On June 11, 1981, the district court rendered its Opinion and Order in the selected case, wherein the court ruled that the President exceeded his statutory and/or constitutional powers in issuing the Executive Orders. *Marschalk Company, Inc. v. Iran National Airlines Corp.*, 518 F.Supp. 69 (CBM) (S.D.N.Y.1981). This Court, after relating the facts of the *Marschalk* case, certified the following questions to the Supreme Court:

1. Was the action of the President in suspending claims which may be presented to the Claims Tribunal and in declaring that they shall have no legal effect in the courts of the United States within his statutory and/or constitutional authority?

2. Was the action of the President in nullifying the attachments acquired on blocked assets and requiring the transfer of those assets to Iran within his statutory and/or constitutional authority?

3. Did the action of the President in suspending the claims or nullifying the attachments constitute a taking of property for which compensation must be paid?

On July 2, the Supreme Court answered the certified questions as follows:

(1). Yes. See *Dames & Moore v. Regan*, —— U.S. ——, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981).

(2). Yes. See *Dames & Moore v. Regan*, —— U.S. ——, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981).

(3). The President's action in nullifying the attachments did not constitute a taking of property for which compensation must be paid. We dismiss question (3) so far as it concerns whether the action of the President in suspending the claims constituted a taking of property for which compensation must be paid. See *Dames & Moore v. Regan*, —— U.S. ——, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981).

On July 6, 1981, certain Garnishee Banks moved in this Court for a summary determination of the consolidated appeals, asking that this panel remand these cases with

directions to the Clerk of the district court to enter an order vacating the attachments and declaring them annulled. On the same day, the United States filed a Supplemental Statement of Interest asking this Court to stay litigation of claims that may be presented to the Claims Tribunal and suggesting that we direct the district courts to vacate any outstanding orders of attachment.

In light of the Supreme Court's disposition of the questions certified in the *Marschalk* case, as explained in *Dames & Moore v. Regan*, it is:

1. ORDERED that the June 11, 1981 Opinion and Order of the district court in *Marschalk Company, Inc. v. Iran National Airlines Corp.*, 518 F.Supp. 69 (CBM) (S.D.N.Y.1981), insofar as it granted plaintiff's motion to confirm, and denied defendants' motion to vacate, the order of attachment, is reversed; and it is

2. ORDERED that the *Marschalk* case is remanded to the district court with directions to the Clerk of that court to enter an order vacating the attachment and declaring it annulled; and it is

3. ORDERED that the remaining 95 cases consolidated on appeal, with the exception of *Atlantic Richfield Co. v. Lavan Petroleum Co.*, 79 Civ. 6714 (KTD), are remanded to the district court with directions to the Clerk of that court to enter orders vacating the orders of attachment and declaring them annulled; and it is

4. ORDERED that the *Atlantic Richfield Co.* case, *supra*, is remanded to the district court for such further proceedings as the district court deems proper in light of the differences between that case and the decision of the Supreme Court in *Dames & Moore v. Regan* and *The Marschalk Company, Inc.*; and it is

5. ORDERED that the mandate shall issue forthwith.

VAN GRAAFEILAND, Circuit Judge (concurring):

I concur with the members of the panel in all cases except those in which Marine Midland Bank, GTE International, Inc., and Westinghouse Electric are parties. I have not participated in the determination relative to those cases.